UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DIDIER,<br><br>    Plaintiff,<br><br>v.<br><br>G & C AUTO BODY, INC.,<br><br>    Defendant. | Case No. 17-cv-04482-HSG<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 10, 11 |

Pending before the Court is Plaintiff's motion to remand and his related motion for attorneys' fees. *See* Dkt. Nos. 10, 11. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to remand and **DENIES** the motion for attorneys' fees.

**I. BACKGROUND**

On June 16, 2017, Plaintiff Jacob Didier filed this putative class action against Defendant G & C Auto Body, Inc. in Sonoma Superior Court. *See* Dkt. No. 1-1, Ex. 1 ("Compl."). Plaintiff alleges that he worked for Defendant as an automotive repair technician and that Defendant erroneously classified him and other automotive technicians as independent contractors. *See id.* ¶¶ 1, 22, 25–27, 29–31, 36–53. Plaintiff further alleges that in August 2014, the Internal Revenue Service issued a determination, finding that Defendant had misclassified workers as independent contractors for purposes of federal employment taxes ("SS-8 Determination"). *Id.* ¶¶ 2–6, 148–219, & Ex. A. The SS-8 Determination applied the "common law" in analyzing the working relationship between Defendant and one of its workers, concluding that Defendant was "the employer of th[at] worker for federal employment tax purposes, and of any other workers

employed under substantially similar circumstances." *Id.*, Ex. A. Instead of disclosing this determination, however, Plaintiff contends that Defendant circulated a letter in January 2015 to Plaintiff stating that Defendant was "giving [him] an opportunity to cease doing business with [Defendant] as an independent contractor, and to instead become [its] employee." *Id.* ¶ 185. Then in September 2015, Defendant offered Plaintiff $4,000 as a "thank you" for becoming an employee, but as a condition required Plaintiff to sign a release of claims relating to his employment classification. *See id.* ¶¶ 6, 184–188; *see also id.*, Ex. A. At no time, however, did Defendant mention the existence of the earlier SS-8 Determination. *Id.* On the basis of these facts, Plaintiff brings several state wage and hour law causes of action, a violation of California's Unfair Competition Law, as well as common law fraud and fraudulent inducement claims against Defendant.

On August 7, 2017, Defendant filed its notice of removal, contending that removal was proper under 28 U.S.C. § 1441(b) because the Court allegedly had subject matter jurisdiction based on claims arising under federal law. Dkt. No. 1 ¶¶ 1–2 (citing 28 U.S.C. § 1331). According to Defendant, Plaintiff's fraud claims turn on federal law because the Court must interpret federal tax law, including whether the SS-8 Determination is binding.

## II. LEGAL STANDARD

Federal courts have original jurisdiction over actions "arising under" federal law. *See* 28 U.S.C. § 1331. A case may arise "aris[e] under" federal law for the purpose of 28 U.S.C. §1331 in two discreet circumstances. First, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Second, and as relevant for the Court's analysis in this case, the Supreme Court has also "identified a 'special and small category' of cases in which arising under jurisdiction still lies" for causes of action asserted under state law. *Id.* at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). These "extremely rare" cases must satisfy the following four-part test:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these

requirements are met, . . . jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).

The removing party bears the burden of establishing that removal is proper. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption in favor of remand and doubts about removability are resolved in favor of remanding the case to state court. *See Guas v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).

### III. ANALYSIS

Here, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff does not allege any federal cause of action. Moreover, his fraud claims do not meet the four-part test that must be satisfied to find that state law causes of action arise under federal law.

First, the "necessarily raised" requirement is not satisfied because Plaintiff may succeed on his fraud claims without establishing that the SS-8 Determination was a binding determination that applied to all of Defendant's workers. Despite Defendant's urging, the SS-8 Determination may be "material" as long as "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 977 (Cal. 1997). A reasonable person, deciding whether to release claims against Defendant, might find it significant that the IRS concluded that Defendant misclassified one of its auto body repair workers for purposes of federal employment taxes. *Cf. Armitage v. Deutsche Bank AG*, No. C 05-3998 PJH, 2005 WL 3095909, at *4 (N.D. Cal. Nov. 14, 2005) (remanding case where "plaintiffs' [fraud] claims can succeed on the mere theory that defendants failed to advise them of the IRS notices and that defendants did so knowingly," rather than proving the defendants' tax advice was actually incorrect). This is an issue of fact, not of federal law. *Engalla*, 15 Cal. 4th at 977. The Court also rejects Defendant's characterization of Plaintiff's action as a tax refund case. Plaintiff explicitly stated he is not seeking a tax refund as part of his damages assessment. *See* Compl. ¶ 193; *cf.* 26 U.S.C. § 7422(a) (defining a tax refund suit as a "suit or proceeding . . . in any court for the recovery of any revenue

tax alleged to have been erroneously or illegally assessed or collected, . . . or of any sum alleged to have been . . . in any manner wrongfully collected").

The "substantial" requirement is also not met because the federal issues presented are not sufficiently important to "the federal system as a whole." *See Gunn*, 568 U.S. at 260–61. To the contrary, Plaintiff's fraud claims are highly fact-specific and turn on what information a reasonable person would want to know before signing an agreement releasing legal claims. Whether Defendant should have informed Plaintiff about the SS-8 Determination does not alter the fundamental nature of IRS determinations or federal tax law more broadly.

Finally, the assertion of federal question jurisdiction in this case would "disrupt[] the federal-state balance approved by Congress" if based on the premise that all state law claims may be heard in federal court if they merely reference a federal statute or agency determination. *See Gunn*, 568 U.S. at 264. Therefore, the Court holds that Plaintiffs' state-law causes of action do not arise under federal law.[1]

Accordingly, removal of this case was inappropriate because it could not have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Since the Court lacks subject matter jurisdiction over this action, remand is required. *See* 28 U.S.C. § 1447(c). However, the Court declines Plaintiff's request for attorney fees under § 1447(c) because Defendant's arguments asserting federal question jurisdiction under the four-part test from *Gunn* and *Gable*, while unpersuasive, are not objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded

---

[1] The Court declines to reach the "actually disputed" requirement, given that its findings as to each of the other three independently bar federal question jurisdiction. *See Gunn*, 568 U.S. at 257 (requiring satisfaction of all four *Grable* requirements).

whenever remand is granted.").

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's motion to remand the case to the Sonoma Superior Court and **DENIES** Plaintiff's motion for attorneys' fees. The clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: 10/26/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge